**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE:<br>EDWARD MANDEL<br><br>*Debtor.*<br>_____<br><br>NEXPLORE CORPORATION,<br><br>*Appellant,*<br>v.<br><br>STEVEN THRASHER, et al.,<br><br>*Appellees.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION No. 4:14-CV-6<br><br>JUDGE RON CLARK<br>VSL<br><br><br>Bankruptcy No. 10-40219 |

## MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT

Appellant NeXplore Corporation ("NeXplore") appeals from a November 26, 2013 order approving the Trustee Milo H. Segner, Jr.'s ("the Trustee") proposed settlement agreement between the Trustee and Steven Thrasher, MadenSewell, LLP and the Law offices of Mitchell Madden (partial assignee of Steven Thrasher, "Madden"), and Jason Coleman ("Thrasher/Coleman").[1] (Dkt. # 2). On the record before it, this court finds no abuse of discretion in the Bankruptcy Court's ruling. The judgment of the Bankruptcy Court is affirmed.

### I. Factual and Procedural Background

Edward Mandel (the "Debtor"), an individual, filed the underlying bankruptcy case on January 25, 2010, creating the bankruptcy estate under § 541 of the Bankruptcy Code (the "Estate").

---

[1] In the Bankruptcy Court, this is case number 10-40219, Honorable Brenda T. Rhodes, presiding.

Thrasher, individually and on behalf of White Nile Software, Inc. ("White Nile"), and Coleman, individually, filed large, unliquidated, contingent, and disputed claims in the Bankruptcy Case. Thrasher asserted a claim for $56 million, while Coleman asserted a claim for $25 million. Both claims were based on various breach of contract, breach of fiduciary duty, and multiple tort claims stemming from unresolved state court litigation. In that litigation, Thrasher and Coleman alleged that the Debtor took intellectual property of Thrasher, Coleman, and White Nile and gave that property to NeXplore.

NeXplore filed a proof of claim in the underlying bankruptcy case in the amount of $270,000.00. No party objected to NeXplore's claim, meaning that the claim was deemed allowed. *See* 11 U.S.C. § 502(a).

On June 8, 2012, and with the agreement of the Debtor, the Bankruptcy Court entered an order directing the appointment of a Chapter 11 trustee in the bankruptcy case, and the Trustee was selected as the Chapter 11 trustee.[2]

After a lengthy trial ("Monetary Claims Objections Trial"), the Bankruptcy Court entered its order, allowing all claims in substantial amounts, but far less than the amounts asserted. The Bankruptcy Court also awarded attorney's fees and costs in favor of Thrasher and Coleman. The Debtor appealed this order to this court ("Claims Objections Appeal"), which affirmed the Bankruptcy Court in full. The Debtor appealed this court's order to the Fifth Circuit, and that appeal was still pending at the time NeXplore made the present appeal.

On May 15, 2013, the Trustee filed a Motion for Approval of the Proposed Settlement Agreement ("Settlement Motion"). Under the Settlement Agreement, the Trustee proposed to

---

[2] On December 19, 2014, the Bankruptcy Court entered an order converting the Debtor's Chapter 11 bankruptcy case to a Chapter 7 bankruptcy case. The Bankruptcy Court subsequently appointed Trustee as the Chapter 7 Trustee. Thus, this case is now a Chapter 7 case.

enter into a settlement, on behalf of the Estate, with Thrasher and Coleman, whereby their claims would be allowed (as against the Estate, but not as against the Debtor), in the exact amounts previously ordered by the Bankruptcy Court. Among other things, the Settlement Agreement provides that the parties agreed that Judge Rhoades' September 30, 2011 order would be "final" and that any determination of claim on appeal would have "no effect" on the settlement. (Dkt. # 1178-3, at p. 2, in Bankr. No. 10-40219).

Rosa Orenstein, a receiver for White Nile appointed by state court prior to the commencement of the underlying bankruptcy proceeding, Ralph Canada, a creditor, and the Debtor, each objected in writing. NeXplore filed a written motion joining in the Debtor's objections.

On October 22, 2013, the Bankruptcy Court held a hearing on the Settlement Motion. At the beginning of the hearing, counsel for the Trustee stated:

> As a housekeeping matter, Mr. Rukavina [counsel for the Debtor] and I discussed yesterday that really all of the facts are in the record, the Court's record, and will be in the record of the District Court and the 5th Circuit. We didn't see any reason to burden and take up the time, the Court's time with a bunch of exhibits and witnesses. I did hand a notebook up to the court. It has a copy of the motion and the settlement agreement, itself. That's all that's in there that's relevant for today.

Trans. of Oct. 22, 2013, Dkt. # 4, at 2:23-3:6. At the hearing, the Trustee offered no evidence and called no witnesses. Counsel for the Trustee argued that: (1) neither the Estate, Thrasher, nor Coleman wanted to retry the Monetary Claims Objections Trial if the Claims Objections Appeal was remanded; and (2) considering the possible outcomes of the Claims Objections Appeal before the Fifth Circuit, the Settlement Agreement, due to its low cost in comparison to the claims initially made against the Estate, was in the Estate's best interest. Counsel for the Debtor essentially argued that: (1) there was nothing to settle because a settlement was not necessary to

prevent the Trustee from having to retry the case upon remand; (2) the Estate was receiving no consideration for the settlement; (3) Thrasher may have released all relevant claims against Mandel through a State Court settlement agreement; and (4) there was no rush or emergency requiring a settlement before the Fifth Circuit ruled on the Claims Objections Appeal.

Counsel for NeXplore appeared telephonically. Counsel for NeXplore spoke for only a few seconds, stating:

> Judge, I'm on the phone, so I don't know how much leeway I'm going to get to argue. But let me just . . . say that we filed an objection. And a lot of what he had argued in the objection I think you determined at the last hearing, so I will not re-argue that again, other than to say that we whole-heartedly support the debtor . . . . We have a claim in this case which has not been objected to. So any amount that is given to the Thrasher/Coleman parties is going to be money taken away from us, which is what our standing is. And so rather than repeat everything [Counsel for Debtor] said, I'd simply rest on the fact that I support his argument.

Trans. of Oct. 22, 2013, Dkt. # 4, at 15:8-19. After the hearing, the Bankruptcy Court entered an order approving the settlement. (Dkt. # 1-3). NeXplore timely appealed the order to this court, raising two issues on appeal: (1) whether the Bankruptcy Court erred in approving the Trustee's proposed settlement when the Trustee offered no evidence in support of said settlement; and (2) whether the Bankruptcy Court erred in approving the Trustee's proposed settlement under the applicable factors governing such approval, in light of the lack of consideration to the bankruptcy estate under said settlement and in light of all other governing factors. (Dkt. # 2).

## II. Discussion

**A.    Standard of Review**

The Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard and its conclusions of law are reviewed *de novo*. *In re U.S. Brass Corp.*, 301 F.3d 296,

4

306 (5th Cir. 2002). The Bankruptcy Court's decision to approve the settlement is reviewed under an abuse of discretion standard. *Id.* at 306-07.

**B.      Bankruptcy Court Did Not Abuse Its Discretion in Approving the Settlement when the Trustee Offered No Evidence at the Hearing.**

Appellant first argues that the Bankruptcy Court committed reversible error by approving the Settlement because (1) the Trustee filed the Settlement Motion without any supporting declaration, affidavit, or evidence supporting the motion; and (2) neither the Trustee nor any other witnesses testified in open court, or by declaration or affidavit. NeXplore appears to be arguing that because the Trustee did not testify, and because the Trustee did not offer evidence, NeXplore was robbed of its due process right to cross-examine the Trustee and contest his evidence. *See* Brief of NeXplore, Dkt. # 6, at p. 15-16 ("NeXplore concedes that the result may still be the same. But the opportunity to put the Trustee to the proof of his requested relief, and to test the proof, is the very cornerstone of our judicial system.").

At the time of the hearing, the Bankruptcy case already had more than 1200 entries on its docket sheet. The Bankruptcy Court had heard a number of related adversary proceedings in the case. Additionally, the Bankruptcy Court had already held a trial, which lasted more than two weeks, on contested claims in this case. As discussed above, at the opening of the hearing, Counsel for Trustee immediately requested that the Bankruptcy Court take notice of the Court's lengthy record, replete with evidence, findings of fact, and conclusions of law, in lieu of the Trustee offering repetitive exhibits and witnesses. No party objected to the court relying upon the prior evidence presented to it as the basis for its determination of the settlement agreement. As discussed above, Counsel for NeXplore was the only counsel to appear by phone rather than in person, and NeXplore offered no evidence or witnesses of its own in opposition to the Settlement Agreement.   Due to the lengthy record before the Bankruptcy Court, and the

opportunity for all parties to appear, object, and present evidence in support of, or in opposition to, the Settlement Agreement, this court finds that the Bankruptcy Court did not abuse its discretion in approving the Settlement Agreement, despite the Trustee's decision to not re-offer evidence at the hearing.

**C.** **Bankruptcy Court Did Not Abuse Its Discretion in Approving the Settlement Under the Applicable Factors Governing Such Approval.**

A bankruptcy court may approve a bankruptcy settlement only if the settlement is "fair and equitable" and if it is "in the best interests of the estate." *In re Foster Mortg. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *see also* Fed. R. Bankr. P. 9019. In the Fifth Circuit, five factors govern this inquiry:

> (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of the arm's length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise.

*In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010).

With respect to the probability of success in the litigation, at the time of the settlement hearing, the Bankruptcy Court was already able to consider its own findings of fact and conclusions of law of the Monetary Claims Objections Trial, as well as this court's affirmation of that decision. This gave the Bankruptcy Court some guidance in the probability of success of the litigation; thus, this factor weighs in favor of approving the settlement.

With respect to the complexity and likely duration of the litigation, as discussed above, the Bankruptcy Court had already notice of the lengthy record in this case. The Bankruptcy

Court also had notice of the numerous appeals and adversary proceedings in this case. Thus, this factor weighed in favor of approving the settlement as well.

With respect to the paramount interest of the creditors, the parties to the Settlement Agreement—Thrasher and Coleman—are by far the largest creditors. The Debtor was, and possibly still is, Chief Executive Officer, President, Treasurer, and Director of NeXplore when NeXplore made its large, unobjected-to claim against the Estate. This court notes, therefore, how closely the interests of Debtor and NeXplore are aligned. This factor thus weighs in favor of approving the settlement as well.

With respect to arm's length bargaining, the Bankruptcy Court, with its lengthy record and experience with the parties, was already well familiar with the relationships and interests of the parties. The Bankruptcy Court had no evidence before it of collusion with respect to the settlement, nor does NeXplore offer any evidence of collusion or fraud on appeal. Thus, this factor also weighs in favor of approving the settlement.

NeXplore spends the bulk of the briefing of his second issue on appeal arguing the fifth factor—other factors bearing on the wisdom of the compromise. NeXplore principally argues that the Bankruptcy Court committed reversible error in approving the settlement because "the Estate receives zero consideration under the Settlement Agreement." NeXplore contends that the only consideration the Estate is merely hypothetical—the Estate only receives consideration if the Fifth Circuit reverses and remands the Claims Objections Appeal, upon which the Bankruptcy Court *might* award more than what the Bankruptcy Court previously awarded. The court disagrees. On appeal, the issue of the appropriate amount of damages is in flux—Thrasher and Coleman argue that the amount of damages should be higher, while Debtor and the Estate argue that the amount of damages should be lower. The Settlement Agreement protects the

Estate against the risk of having a potentially larger claim against it. The Estate also benefits from the cessation of all future litigation costs of defending against claims of the parties to the settlement. In return, the Estate must pay the sum to Thrasher and Coleman that the Bankruptcy Court initially ordered. This is quid pro quo consideration. Thus, this factor also weighs in favor of approving the settlement.

Reviewing the Bankruptcy Court's lengthy record, considering its wealth of experience with the parties to this appeal and the parties to the Settlement Agreement, and considering the Fifth Circuit factors guiding bankruptcy settlement approvals, this court cannot say that the Bankruptcy Court abused its discretion in approving the Settlement Agreement.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Bankruptcy Court's November 6, 2013 Order Approving the Settlement Agreement is AFFIRMED.

So **ORDERED** and **SIGNED** this **6** day of **March, 2015.**

_____
Ron Clark, United States District Judge